CHRISTY ET AL. v. BADGER ET AL.

1. **Will**: FALSE DESCRIPTION OF LAND: DEVISE VOID. The will in question devised "a small farm in Wayne county, Iowa, near Missouri line." There was nothing else in the will to aid in the identification of the land. *Held* that it was not sufficient to pass title to 40 acres lying in Lucas county, and 10 acres lying in Wayne county, about six miles away, although it was alleged that the 10-acre tract was appurtenant to the 40 acres. (Compare *Fitzpatrick v. Fitzpatrick*, 36 Iowa, 674.)

*Appeal from Lucas District Court.*

THURSDAY, OCTOBER 13.

ACTION to quiet the title to land. There was a decree in the district court for plaintiffs. Defendants appeal.

*T. M. Stuart*, for appellants.

*Mitchell & Penick*, for appellees.

BECK, J.—I. The land in controversy was owned by C. W. Christy, in his life-time. The plaintiffs claim by inheritance from him. Defendants claim under a will made by him. A demurrer to defendants' answer, setting up title under the will, was sustained. The questions in the case involve the sufficiency of the will to vest the title in defendants. The devise in the will under which defendants claim is in this language; "A small farm in Wayne county, Iowa, near Missouri line, my father is to have during his life-time, and after his death it shall be divided among the children of my friend, H. C. Badger." The land in controversy is not in Wayne county, but is in Lucas county. The answer alleges that the devisor purchased, in connection with the land in controversy, (forty acres,) another tract of ten acres, which was to be used to supply wood and timber for use on the other tract. The smaller tract was in Wayne county, and, as shown by the description given in the petition, was about six miles from the larger tract. It is alleged that the land was purchased by the devisor as a home for his father.

II. The record presents the case of a false description of land which it is claimed was intended to be devised by the will. And we are required to determine whether that part of the description in the will which is true is sufficient to identify the land, or to that end may be aided by the evidence *aliunde*.

We think it cannot be doubted that parol evidence, or evidence *dehors* the will, is not admissible to supply omissions therein, or to vary or control its terms, nor can it be denied that such evidence may be used to explain a latent ambiguity, and in such case to direct the application of the description to the subject. The cases bearing upon the question before us are numerous, and to some extent difficult to harmonize. They are extensively cited in *Fitzpatrick v. Fitzpatrick*, 36 Iowa, 674, which, in our opinion, sustains the conclusion that the devise before us cannot be applied to the land in controversy by evidence *dehors* the will. A few cases other than those cited in *Fitzpatrick v. Fitzpatrick* could be referred to, but we think it unnecessary, in view of the fact that, in our opinion, they are not in conflict with the rule which we think is taught by all the authorities. That rule may be stated in the following language: If, after the false description is discarded, there remains in the devise language sufficient to direct to the identification of the subject with sufficient certainty, an estate will pass thereby. But when the false language is eliminated, and nothing remains directing inquiry which may result in discovering the true subject of the devise, it is void. Thus, if the description by metes and bounds, or by congressional subdivisions, is false, but it is aided by language declaring the ownership or possession of the land by the devisor or others, or the like, it is good.

The devise under consideration, after discarding the false description arising from the name of the county, is this, and no more: "A small farm in Iowa, near Missouri line." There is not one word in the will directing inquiry to any source which may aid in discovering the locality of the farm.

Without such aid, it would be vain to search near the Missouri line, for 240 miles, for the small farm. In our opinion, the doctrine of *Fitzpatrick v. Fitzpatrick* controls the disposition of this case.

III. Counsel for defendant think, as the 10-acre tract is appurtenant to the large tract, and is in Wayne county; this will serve to identify the land in controversy. But there is nothing in the will showing the connection of the two tracts of land as constituting one farm. It surely will not do to say that a 10-acre tract of land is a part of a farm six miles away. It is doubtful, indeed, whether the 10-acre tract is sufficiently identified by the description of the will declaring it to be in Wayne county. But, if we assume that it is, it cannot be claimed that its description will aid the description of the other tract, in the absence of anything directing inquiry thereto.

It is our conclusion that the judgment of the district court ought to be                              AFFIRMED.