PETER McGOVERN v. CHRISTOPHER McGOVERN.

January 20, 1899.

Nos. 11,450—(238).

## Will—Misdescription of Government Subdivision—Construction of Devise.

The will purported to devise the northeast quarter of a certain section, which the deceased did not own. He owned the southeast quarter of the section, and owned no other land. *Held*, if the false description in the will is rejected as surplusage, there is no description whatever left by which the land intended to be devised can be identified, and the will does not devise the land owned by the deceased.

Peter McGovern, the executor named in the will of Thomas McGovern, deceased, petitioned the probate court for Blue Earth county to assign the residue of the estate of the testator to the parties entitled thereto. At the hearing of the petition the executor offered evidence that the will contained a latent ambiguity, and that the testator intended to devise to his wife the real estate owned by him at the time of his death. The probate court, Mead, J., having assigned the real estate to the heirs of the testator, the executor appealed to the district court of that county. From an order of the district court, Severance, J., affirming the decision of the probate court and from the judgment entered pursuant to such order, Peter McGovern appealed. Affirmed.

*H. L. Schmitt* and *Lorin Cray*, for appellant.

A latent ambiguity in a will, which may be removed by extrinsic evidence, arises when the will contains a misdescription of the object or subject, as when there is no such person or thing in existence, or the person is not the one intended, or the thing does not belong to the testator. Patch v. White, 117 U. S. 210; Whitcomb v. Rodman, 156 Ill. 116; Stewart v. Stewart, 96 Iowa, 620; Decker v. Decker, 121 Ill. 341; 1 Am. & Eng. Enc. 530; Schouler, Wills, § 268; Case v. Young, 3 Minn. 140 (209); Seebrock v. Fedawa, 33 Neb. 413; Oades v. Marsh, 111 Mich. 168. It will always be presumed that, when a testator devises land by as solemn an instrument as his last will and testament, he means and intends to devise his own lands. Case v. Young, supra; Whitcomb v. Rodman, supra; Patch v. White, supra; Huffman v. Young, 170 Ill. 290.

*W. E. Young*, for respondent.

When the language employed in a will is clear and of well-defined force and meaning, extrinsic evidence of what was in fact intended cannot be adduced to qualify, explain, enlarge or contradict this language, but the will must stand as written. Schouler, Wills, (2d Ed.) § 568; 1 Jarman, Wills, 76; Jackson v. Sill, 11 Johns. 201; Beach, Wills, § 346; Kurtz v. Hibner, 55 Ill. 514; Judy v. Gilbert, 77 Ind. 96; Decker v. Decker, 121 Ill. 341; King v. Merriman, 38 Minn. 47; Sherwood v. Sherwood, 45 Wis. 357; Cowles v. Henry, 61 Minn. 459; Gilmor's Estate, 154 Pa. St. 523, 534; Griscom v. Evens, 40 N. J. L. 402, 408; Loring v. Woodward, 41 N. H. 391.

CANTY, J.

In 1882 Thomas McGovern made a last will. He died the next day, and the will was probated. The will provides:

"After paying my lawful debts and funeral expenses, I give, devise and bequeath to my wife, Mary McGovern, the northeast quarter of section six, in township 107, range 25, and all the personal property that I may become possessed of at my death."

The deceased never owned or had any interest in said northeast quarter, but did own at the time of making his will and at the time of his death the southeast quarter of that section, and resided on the same with his wife and family. He owned no other land.

The court below held that this will did not dispose of the real estate so owned by the deceased, and awarded it to the heirs at law. Those claiming under the will appeal to this court.

In our opinion, the judgment appealed from should be affirmed. The will does not in any form state that the deceased owned the land which the will purported to devise, and if the false description in the will is rejected as surplusage, there is no description left by which the land intended to be devised can be identified. See Schouler, Wills, §§ 268, 269; 1 Jarman, Wills (6th Ed.) 412, et seq.

Judgment affirmed.