[No. 3563.　Decided December 8, 1900.]

SARAH TAYLOR, *Appellant,* v. NELLIE HORST *et al., Respondents.*

WILLS—LATENT AMBIGUITY—ADMISSIBILITY OF PAROL EVIDENCE TO EXPLAIN.

Where a will is certain in its terms as to the property devised, the character of the devise, and the person of the devisee, extrinsic evidence is not admissible to change or add to its terms; and the mere fact that the testator failed to dispose of all of his realty by will would not create such an ambiguity as to warrant the introduction of parol testimony to show his intent to devise the omitted land to the person to whom the adjoining tract had been devised.

Appeal from Superior Court, Thurston County.— Hon. OLIVER V. LINN, Judge.　Affirmed.

*W. I. Agnew,* for appellant:

In order to come within the rule allowing us to introduce extrinsic evidence to arrive at the intention of the testator, Colvin, and to correct the inaccuracy of description as to the grant south of Scatter Creek, we claim that the wording of the will clearly shows that Colvin by this will intended to dispose of all the property he had and should die possessed of.　That the policy of the law is strongly against partial intestacy, see *James v. Pruden,* 14 Ohio St. 253; *Jarnagin v. Conway,* 2 Humph. 50; *Doe v. Latham,* Busb. 365; *Gourley v. Thompson,* 2 Sneed (Tenn.) 387.　That being accepted, the next fact is whether he died possessed of lands to the south, which we say should be included in the "Taylor grant."　If as a matter of fact he did die possessed thereof, then the wording of the will raises a latent ambiguity, which we can introduce extrinsic testimony to explain.　*Eckford*

*v. Eckford,* 58 N. W. 193 (26 L. R. A. 370) ; *Pocock v. Redinger,* 108 Ind. 573 (58 Am. Rep. 71) ; *Grubb v. Foust,* 99 N. C. 286 ; *Decker v. Decker,* 121 Ill. 341 ; *Covert v. Sebern,* 73 Iowa, 564 ; *Seebrock v. Fedawa,* 33 Neb. 413 (29 Am. St. Rep. 488) ; *Chambers v. Watson,* 60 Iowa, 339 (46 Am. Rep. 70) ; *Bradley v. Rees,* 113 Ill. 327 (55 Am. Rep. 422) ; *Waldron v. Waldron,* 45 Mich. 350 ; *Morgan v. Burrows,* 45 Wis. 211 (30 Am. Rep. 717).

The earlier cases seem to hold that the declarations of the testator were not admissible unless contemporaneous with the execution of the instrument. *Thomas v. Thomas,* 6 Term Rep. 671 ; *Langham v. Sanford,* 19 Ves. Jr. 649. But the later cases have rejected this distinction, and although contemporaneous declarations may be entitled to greater weight than those made before or after, the latter are admissible in evidence on the same principle. *Doe v. Allen,* 12 Adol. & El. 451 ; *Doe v. Hiscocks,* 5 Mees. & W. 369 ; *Robinson v. Hutchinson,* 26 Vt. 38 ; Jarman, Wills, 756. Neither does the admissibility of the evidence depend on the manner in which they were made, nor the occasion which called them forth, but the parties to whom made and the nature of the conversation will, of course, affect the weight to be given them. Taylor, Evidence, § 1209 ; *Trimmer v. Bayne,* 7 Ves. Jr. 508.

*J. W. Robinson, A. E. Rice* and *Troy & Falknor,* for respondents :

The purpose of oral evidence is not to inject into the writing an intention not expressed therein, but is wholly for the purpose of explaining what the words therein contained imply. *Kurtz v. Hibner,* 55 Ill. 514 (8 Am. Rep. 665) ; *Griscom v. Evens,* 29 Am. Rep. 251 ; *Fitzpatrick v. Fitzpatrick,* 36 Iowa, 674 (14 Am. Rep. 538).

The opinion of the court was delivered by

DUNBAR, C. J.—This appeal involves the construction of a will, and is from the order of the court refusing to allow the admission of testimony offered to assist the court in construing the will, and from the order dismissing the suit for want of jurisdiction.

The decedent, Ignatius Colvin, conveyed, by his last will and testament, to the appellant, Sarah Taylor, a life interest in a certain tract of land. Colvin, it is alleged, was an ignorant man, unable to read and write. The scrivener (J. R. Mitchell) who drew the will, was ready to testify that Colvin employed him to draw the will, and that he directed Mitchell to convey to the appellant what was known as the "Taylor Ranch." One-half of this ranch, which is known as the "Mize Donation Claim," is in township 16 and the other half in township 15. According to the testimony offered, Mitchell prepared the description from an old plat of Colvin's, which showed simply township 16; and in accordance with that plat the will was drawn, conveying to the appellant a life interest in that portion of the claim north of the township line, or that portion which is in township 16. It is claimed that the description intended to be in the will contained the part south of the township line, or that part which is in township 15, and that the will was executed on the supposition that that portion of the ranch which is included in township 15 was included. The respondents objected to this testimony on the ground that it was the introduction of parol testimony to vary or dispute the terms of a written instrument, and the objection to its admission was sustained by the court, which is alleged as error here.

We think the objection was correctly sustained. Primarily, the rule of law is that parol testimony cannot be introduced for the purpose of changing the provisions of a will. But another doctrine is equally well authenticated, viz., that extrinsic evidence may be introduced in order to explain the intent of a writing and the true meaning of the same, when there is any patent or latent ambiguity in the writing. Of course, the policy of the law is to reach the intention of the writer as expressed in the writing, and the expressions may be explained when they are indefinite and inaccurate. But this must always be done in consonance with the settled rules of evidence. It is claimed by the appellant that she is brought within the rule allowing one to introduce extrinsic evidence to arrive at the intention of the testator and to correct the inaccuracy of the description, from the fact that the will clearly shows that the testator intended to dispose of all the property he had and should die possessed of; and it is urged that the policy of the law is strongly against partial intestacy. It is doubtless true that under the authorities it is a favored presumption that the testator intended to make disposition of the entire estate, in the will executed, but it is not conclusive; for it may well happen that a person will desire to make definite disposition of a portion of his estate, and be willing to leave the disposition of the remainder to the direction of the law.

It is also insisted by the appellant that if, as a matter of fact, the testator dies possessed of lands which have not been conveyed by the will, such fact raises a latent ambiguity, which warrants the introduction of extrinsic testimony to explain. If this were true, it would terminate this case in favor of the appellant; for it is conceded that Colvin was the owner of that portion of the Taylor ranch

29—23 WASH.

which was situated in township 15, and that such land was not devised. But an examination of the cases cited by appellant convinces us that the proposition is not sustained. *Patch v. White,* 117 U. S. 210 (6 Sup. Ct. 617), holds that a latent ambiguity in a will, which may be removed by extrinsic evidence, may arise (1) either when it names a person as the object of a gift, or a thing as the subject of it, and there are two persons or things that answer such name or description; or (2) when the will contains a misdescription of the object or subject, as where there is no such person or thing in existence; or, if in existence, the person is not the one intended, or the thing does not belong to the testator. It is also held that when a careful study of the testator's language, applied to the circumstances by which he was surrounded, discloses an inadvertency or mistake in a description of persons or things in a will, which can be corrected without adding to the testator's language, and thus make a different will from that left by him, the correction should be made. But in the case at bar there is no confusion between the persons or things named. Neither is there any one person or thing named which is not in existence. Neither could this will be corrected in accordance with the testimony offered without adding to the testator's language, and making a different will from that left by him. His language would have to be added to before additional land could be incorporated in the will. When that was done it would make a different will from the one he executed, for the will he executed conveyed a life estate to the appellant to land situated in township 16 only. In the case above referred to the language of the decedent was as follows: "I give, devise, and dispose of the same in the following manner:" He devised certain specific lots, with the buildings thereon, respectively, to

each of his near relations, and, amongst others, to his
brother H. a lot described as "lot numbered 6 in square
403, together with the improvements thereon erected."
He then devised to his infant son as follows: "The bal-
ance of my real estate believed to be and to consist in lots
numbered 6, 8, and 9," etc., describing a number of lots
but not describing lot No. 3 in square 406. Held, that
the testator intended to dispose of all his real estate, and
thought he had done so; that in the devise to H. he be-
lieved he was giving him one of his own lots, and that
evidence might properly be received to show that the
testator did not own, and never had owned, lot No. 6 in
square 403, which had no improvements thereon, but did
own lot No. 3 in square 406, which had a house thereon,
occupied by his tenants, and that this raised a latent
ambiguity. The court, in commenting upon the case,
said:

"It seems to us that this evidence, taken in connection
with the whole tenor of the will, amounts to demonstra-
tion as to which lot was in the testator's mind. It raises
a latent ambiguity. The question is one of identification
between two lots, to determine which was in the testator's
mind, whether lot 3, square 406, which he owned, and
which had improvements erected thereon, and thus cor-
responded with the implications of the will, and with
part of the description of the lot, and rendered the devise
effective; or lot 6, square 403, which he did not own,
which had no improvements thereon, and which rendered
the devise ineffective."

Altogether a different proposition from the one at
bar. There is no question here but that the land which
was conveyed by the will was the land of the testator.
It was conveyed by metes and bounds, the description
being perfect. And the devise is effective under the will
as it appears of record. It is not a question of effective-
ness which is raised by the appellant, but the claim is

simply that not as much land was devised to her as she thinks it was the intention of the testator to devise. In *Hawkins v. Young,* 52 N. J. Eq. 508 (28 Atl. 511), it was held that under a testatrix's direction to her executor to sell her house and lot in N. and out of the proceeds to pay certain legacies, he was empowered, in the light of evidence that she owned no realty except a house and lot in B., a suburb of N., to sell and make title to the property in B. As in the other case just above cited, a strict and literal construction of the will would render it ineffective, for the reason that the testator was not the owner of the property devised. In *Skinner v. Harrison Township,* 116 Ind. 139 (18 N. E. 529, 2 L. R. A. 137), it was held that, where a testator devised property to "Harrison Township," and it was made to appear by evidence that there were many townships by that name in the state, it was competent, in order to remove the obscurity in the testator's intention caused by the extraneous circumstances, to show by extrinsic evidence that the testator resided in Harrison township in a certain county, and that he sustained a relation to that township different from all others of like name. This, it will readily be seen, is easily distinguished from the case at bar, and falls within the rule laid down in *Patch v. White, supra.* And so, without further specific mention, with all the other cases cited by the appellant. None of them hold that where the will is certain in its terms as to the property devised, the character of the devise, and the person of the devisee, extrinsic evidence can be introduced to change or vary its terms. In this case the will was definite and certain as to the property devised, as to the character of the devise, and as to the person of the devisee, and it will be seen how uncertain wills would be if oral testimony were allowed to be introduced in a case of this kind to change their positive and expressed con-

ditions.    There is nothing in the circumstances of this will, as shown upon its face, to indicate that it was the intention of the testator to have devised the land in dispute here to this devisee in preference to other devisees. The mere fact that the land was contiguous to the land devised to the appellant would not be a circumstance pointing in that direction.

We think that the will is not subject to construction, that the court properly sustained objections to the introduction of the extraneous testimony, and that the case was properly dismissed.

The judgment is affirmed.

REAVIS, FULLERTON and ANDERS, JJ., concur.