[Sac. No. 1145.  Department One.—March 3, 1904.]

In the Matter of the Estate of DENNIS LYNCH, Deceased. DENNIS LYNCH, Appellant, v. M. M. LYNCH et al., Respondents.

ESTATES OF DECEASED PERSONS—DISTRIBUTION—FALSE DESCRIPTION OF LAND IN WILL—INEFFECTIVE DEVISE.—A devise in a will of a tract of land which the testator did not own, and which was specifically described as being the south half of a certain quarter-section, cannot, in the absence from the will of any other evidence of the testator's intent, be construed as being a devise of a different quarter-section in the same section which was owned by him.

ID.—WILL MUST BE WHOLLY WRITTEN—VOID DESCRIPTION.—The will of the deceased must be entirely in writing, and there must be sufficient in the will, after rejecting the false terms, to designate with reasonable certainty the particular tract which the testator intended to dispose of thereby. Where the will is entirely devoid of any general description which can be identified by extrinsic evidence, and the rejection of the false terms of description leaves the description not merely imperfect, but hopelessly uncertain, it is wholly void.

ID.—PRESUMPTION OF OWNERSHIP NOT PART OF WILL.—The presumption that a testator intends to dispose only of his own property, and not property over which he has no control, is no part of a will, and in the absence of words in the will indicating such intention the court cannot insert such presumption in the will by construction so as to make it operative.

APPEAL from an order of the Superior Court of Tulare County denying a petition for partial distribution of the estate of a deceased testator. W. B. Wallace, Judge.

The facts are stated in the opinion of the court.

Charles G. Lamberson, and Roth & McFadzean, for Appellant.

Bradley & Farnsworth, for Respondents.

SHAW, J.—This is an appeal by Dennis Lynch, nephew of the deceased, and claiming to be a devisee under his will, from an order denying his petition for partial distribution of the estate of said deceased, and declaring that he is not entitled to any of said estate under the provisions of the will.

Omitting the provisions giving other legacies and devises, the portion of the will material to the right of appellant is as follows: "In the name of God, Amen. I, Dennis Lynch, of the county of Tulare, state of California . . do make, publish and declare this my last will and testament, in the manner following that is to say: . . . Seventhly: I give and bequeath to Dennis Lynch, my nephew, all that certain lot, piece, or parcel of land lying and being in Tulare County, state of California, and described as follows, to wit: the S. ½ of the N. W. ¼ of sec. 1, T. 21, R. 27 E." It will be observed that the land described in the seventh clause of the will was the south half of the northwest quarter of section one. The appellant's petition for distribution asked that there be distributed to him the west half of the southwest quarter of said section. The appellant's contention is, that the will must be construed to describe the west half of the southwest quarter, instead of the south half of the northwest quarter. Upon the hearing of the petition it was admitted by all the parties in interest that the deceased never did own any land in section one aforesaid, except the west half of the southwest quarter, and that he never owned the south half of the northwest quarter. Upon this evidence the appellant insists that it cannot be presumed that the deceased intended to devise property which he did not own, and consequently that the will must be construed so as to describe the property which he did own, and that the portions thereof which constitute a false description of the property which he owned must be rejected. In support of this contention he cites the provisions of the Civil Code, as follows: Sec. 1340: "When, applying a will,

it is found that there is an imperfect description, or that no person or property exactly answers the description, mistakes and omissions must be corrected, if the error appears from the context of the will or from extrinsic evidence; but evidence of the declarations of the testator as to his intentions cannot be received." Sec. 1317: "A will is to be construed according to the intention of the testator. Where his intention cannot have effect to its full extent, it must have effect as far as possible." Sec. 1318: "In case of uncertainty arising upon the face of a will, as to the application of any of its provisions, the testator's intention is to be ascertained from the words of the will, taking into view the circumstances under which it was made, exclusive of his oral declarations." Sec. 1325: "The words of a will are to receive an interpretation which will give to every expression some effect, rather than one which will render any of the expressions inoperative." Sec. 1326: "Of two modes of interpreting a will, that is to be preferred which will prevent a total intestacy." He also cites in support of his proposition the following authorities: *Patch* v. *White,* 117 U. S. 219; *Estate of Callaghan,* 119 Cal. 571; *Bruck* v. *Tucker,* 32 Cal. 426; S. C. 42 Cal. 346; *Pocock* v. *Redinger,* 108 Ind. 573;[1] *Decker* v. *Decker,* 121 Ill. 341; *Huffman* v. *Young,* 170 Ill. 290; *Chambers* v. *Watson,* 60 Iowa, 339;[2] *Seebrock* v. *Fedawa,* 33 Neb. 413;[3] *Stewart* v. *Stewart,* 96 Iowa, 620. By the application of these principles it is contended that the seventh clause must be changed by striking therefrom the letter "S." and the letters "N. W." and, thus altered, with the application of the fact that the deceased owned but one tract of eighty acres in the section, it would follow that the devise carried the particular half-quarter-section which he owned within that section. This proposition, however, violates one fundamental rule with respect to the making of wills, which is, that the will of a deceased must be entirely in writing. (Civ. Code, sec. 1276.) There must be sufficient in the will, after striking out the false terms, to designate with reasonable certainty the particular tract which the testator intended to dispose of thereby. In this case this essential element is lacking. If we strike out the false words of the description, it will then read

[1] 58 Am. Rep. 71, and note.          [3] 29 Am. St. Rep. 488.
[2] 46 Am. Rep. 70, and note.

thus: "I give and bequeath to Dennis Lynch, my nephew, all that certain lot, piece, or parcel of land lying and being in Tulare County, state of California, and described as follows, to wit: The one half of the one quarter of section one," etc. The effect of this would be nothing more than to state that he gives to the devisee the half of a quarter-section within that section, but leaves it entirely uncertain as to which half or which quarter is referred to. There are four quarter-sections within the section, each of which can be divided into halves in four different ways, so that there are sixteen descriptions of land to which this language could apply with equal certainty, and if the will is so construed it would be absolutely uncertain and ineffective for that reason. It is not a case of an imperfect description which can be made certain by the application of extrinsic facts to such description as there is, which is the condition contemplated by section 1340 of the Civil Code, but a case of a description so uncertain that it is wholly void. In all the cases to which the appellant refers in support of his proposition, except *Chambers* v. *Watson,* it will be found on examination that, in addition to the language of the particular description, which, if the false calls are omitted, would be left uncertain, as in this case, there is some general description which points out with certainty the property intended to be described. Thus, for illustration, if in the present case the testator had declared in his will that he gave to Dennis Lynch "*my land,* being the south half of the northwest quarter of section one, township 21, range 27 east, in Tulare County, California," or if there had been other words showing an intention to devise his own land, and it had been shown by evidence that the testator at the time of making the will owned but one tract of eighty acres within the section, and that this tract was the west half of the southwest quarter, and not the south half of the northwest quarter, the words "my land" in the description, or other words of like import in the will, would remove the uncertainty, identify the tract devised, and control the false part of the description. There would then be enough in the will, after excluding the false part of the description, to identify the land intended to be disposed of. But where, as in this case, the will is absolutely devoid of any general description, and does not, by its own terms, indicate an intention to dispose only of land owned by the testator, the

court cannot insert words in the will to express that intention and thereby make the will certain. The will must be wholly in writing, and the written words, with the aid of the extrinsic facts to which they may be held to apply, must be sufficient to identify the property. It is true that a testator is usually presumed to dispose only of his own property, and not to intend the idle ceremony of making a devise of property over which he has no control. But this presumption is no part of a will, and the court cannot insert it in the will by construction in order to make it operative. There must be words in the will itself indicating such intention. These propositions are supported by the authorities cited by the appellant above mentioned, and also by the following: *Estate of Young,* 123 Cal. 337; *Zirkle* v. *Leonard,* 61 Kan. 636; *Kurtz* v. *Kibner,* 55 Ill. 514;[1] *Bingel* v. *Volz,* 142 Ill. 214;[2] *Sturgis* v. *Work,* 122 Ind. 134;[3] *Funk* v. *Davis,* 103 Ind. 281. We think the court below was correct in refusing to construe the will as prayed for by the petitioner.

The order is affirmed.

Angellotti, J., and Van Dyke, J., concurred.