# IN RE ESTATE OF ANTON KAHOUTEK, Deceased.

## ADOLPH KAHOUTEK, Appellant, v. MARY KAHOUTEK, Rosa Kahoutek, and Lena Kahoutek, Respondents.

(166 N. W. 816.)

**Will — disposition of property by — ambiguity on face — description of property — not owned by testator — extrinsic evidence — property intended — indefiniteness — new will — courts cannot make — intention only gathered from will.**

1. When there is no ambiguity or imperfect description on the face of a will to explain or to correct, the fact that it disposes of property which the testator did not own neither renders the instrument indefinite nor justifies the courts in making a new will for the testator based upon what, from extrinsic evidence, they assume he intended to convey. Such intention must be gathered from the terms of the will itself, and where the will is explicit the courts are powerless to vary its terms.

NOTE.—For authorities discussing the question of parol evidence of mistake in description of land devised, see note in 16 L.R.A. 321, where it is held that when the description of the subject-matter of the devise is mistaken, parol evidence has been admitted to aid the construction, by showing to what the testator must have referred. As to correction of misdescription of land in will, see notes in 6 L.R.A. (N.S.) 942, and L.R.A.1915E, 1008.

On parol evidence to correct misdescription of real estate in will, see note in 8 Am. Rep. 669.

A mistake in the description in a will either of the beneficiary or the subject-matter will not void the will if enough remains to show with reasonable certainty what was intended, as will be found by an examination of note in 29 Am. St. Rep. 492.

Description of property — not owned by testator — devised — bequest definitely made to another — amount deducted therefrom — to make up for mistake — courts will permit.

2. The fact that in one paragraph of a will a testator devises, by specific description, property that he does not own, will not justify the courts in taking an equivalent amount from a bequest which is definitely made to another, and in saying that the fact that the former property was not owned by the testator justifies the conclusion that he intended that his valid and definite bequest should be set aside.

Opinion filed January 2, 1918.   On Reargument February 28, 1918.

Appeal from the District Court of Richland County, Honorable *Frank P. Allen,* Judge. .

Application for the allowance of the account of an executor and for final distribution.

Cross petition for reformation of the will.

Judgment for cross petitioner.   Executor appeals.

Reversed.

*Engerud, Divet, Holt, & Frame,* for appellant.

·The controlling sections of our Code come to us from California and with them an unbroken line of decisions placing construction upon them.

"No more in wills than in any other writings is parol evidence admissible to vary the terms of the instrument."   Comp. Laws 1913, §§ 5649, 5678, 5686, 5690, 5708; Cal. Civ.· Code, §§ 1276, 1311, 1318, 1322, 1340; Re Young (Cal.) 55 Pac. 1011; Re Lynch, 75 Pac. 1086; Re Tompkin, 64 Pac. 268.

"It is incompetent to show by any extrinsic evidence that the testator has by his own mistake or that of some other person given a legacy of less value or of a different character from that which he in fact actually meant to give."   Re Callaghan, 39 L.R.A. 689, 51 Pac. 860.

"The. principle that the intention which a testator has clearly expressed in his will must be followed—and that the will cannot be construed as intending a direct devise where the clearly expressed intent is otherwise—is accepted as the law."   Re Faies, 60 Pac. 442; Re Young, 55 Pac. 1011.

Courts do not make new wills.   McGovern v. McGovern (Minn.) 77

N. E. 970; Sturgis v. Works (Ind.) 22 N. E. 996; Taylor v. Horst (Wash.) 63 Pac. 231; Patch v. White, 117 U. S. 210; Benzel v. Volz (Ill.) 31 N. E. 13; Re Young, 55 Pac. 1013; Griscomb v. Evans, 40 N J. L. 402.

Extrinsic evidence cannot be used to change or contradict, but only to select between different meanings that which the words used may have. Brown v. Quintard, 177 N. Y. (83); Lenz v. Sens (Tex.) 66 S. W. 110; Lomax v. Lomax, 6 L.R.A.(N.S.) 942, 75 N. E. 1076; Burnett v. Burnett, 30 N. J. Eq. 595; Sherwood v. Sherwood, 45 Wis. 357; Dougherty v. Rodgers (Ind.) 20 N. E. 780.

An erroneous description may sometimes be made to apply to different property than that technically described, if it be referred to as "my property," "belonging to me," or where two descriptions are given one of which may correctly describe the property. Zerkle v. Leonard (Kan.) 60 Pac. 318; Hanley v. Krablezky (Wis.) 96 N. W. 820; Eckford v. Eckford (Iowa) 58 N. W. 1093; Funk v. Davis (Ind.) 2 N. E. 739; Priest v. Lackey (Ind.) 39 N. E. 54; Patch v. White, 117 U. S. 219; Re Lynch, 75 Pac. 1037, 6 L.R.A.(N.S.) pp. 943 to 977 note.

"When a latent ambiguity can be removed by rejective false words and leaving a complete intelligible description, the words should be rejected; or where there are two descriptions, one good and the other bad, the latter may be rejected." Benzel v. Voltz, 31 N. E. 13; McGovern v. McGovern, 75 N. W. 970.

So much of the description as is false may be stricken out, and if enough then remains to identify the premises intended to be devised, the will may be read and construed with the false words eliminated. Waltcomb v. Rodman (Ill.) 40 N. E. 553.

In construing a will it is not proper to try to get at what the testator meant. The test is, what means the words and language embodied in the will. Lee v. Lee (Ind.) 91 N. E. 507.

The meaning must be gathered "from the words of the will." This forbids a resort to extrinsic evidence to show intention as is permissible in a case of latent ambiguity. Tompkin's Estate (Cal.) 64 Pac. 268; Re Lynch (Cal.) 75 Pac. 1086; Re Young (Cal.) 55 Pac. 1011; Re Marti (Cal.) 61 Pac. 964; Kauffman v. Gries, 77 Pac. 847; Re Walkerly, 41 Pac. 780; Re Fares, 60 Pac. 455; Re Granniss, 74 Pac. 324; Re Upham, 59 Pac. 318.

There is no call or proper occasion here to indulge in presumptions as to what the testator meant, nor to receive extrinsic evidence, or to describe the surroundings and circumstances of the testator. The words of his will determine what is meant. Re Lynch, 75 Pac. 1086; Lincoln v. French, 16 Otto (U. S.) 614, 26 L. ed. 1189; Re Callaghan, 39 L.R.A. 689; Priest v. Lackey, 39 N. E. 54; Griscom v. Evans, 40 N. J. L. 402; Sturgis v. Works, 22 N. E. 996; Re Young, 55 Pac. 1012; 6 L.R.A.(N.S.) 951, note.

*Wolfe & Schneller,* for respondents.

"A will is to be construed according to the intention of the testator." Comp. Laws 1913, § 5685.

"The words of a will are to receive an interpretation which will give to every expression some effect, rather than one which will render some of the expressions inoperative." Comp. Laws 1913, § 5693.

The mistake in the will where the wrong section is mentioned, section 9, instead of section 10, of the same township and range, where he did own land, discloses a latent ambiguity in the will, which can be cured by extrinsic evidence. Comp. Laws 1913, § 5708; Pate v. Bushong, 161 Ind. 533, 63 L.R.A. 593, 69 N. E. 291.

The presumption is that the testator intended to devise his own lands, and not those of another. Pate v. Bushong, supra; Pstch v. White, 117 U. S. 210; 2 Redf. Wills, 3d ed. p. 116; Case v. Young, 3 Minn. 209, Gil. 140; Moreland v. Brady, 8 Or. 303.

"A devise of land described as in section 21, giving its boundaries, will pass land in section 22, having such boundaries, there being no land in section 21 with such description and he having owned no land in that section." Vestal v. Garrett (Ill.) 64 N. E. 345; Zirkle v. Leonard (Kan.) 60 Pac. 318; Re Pope (Minn.) 97 N. W. 1046; Hanley v. Kraftczyk (Wis.) 96 N. W. 820; Cleveland v. Spilman, 25 Ind. 95; Priest v. Lackey (Ind.) 39 N. E. 54; Eckford v. Eckford (Iowa) 58 N. W. 1093; Stewart v. Stewart (Iowa) 65 N. W. 976.

"The English courts from a very early date have given sanction to the principle that parol evidence is admissible to correct a mistake in the description of either land devised or personal property bequeathed." Bingle v. Volz, 16 L.R.A. 321, note, and cases cited.

It is the equitable object of our law to give effect to wills, rather than to destroy the intent of the testator and annul the true purpose of

his will. Here the testator did not own land in section 9, but he did own the described land in section 10 of the same town and range. He devised to appellant all the land he thought he owned, subject to his bequests. To the average layman "bequest" and "devise" mean the same, and it was in this sense that he used the words employed in his will. 6 L.R.A.(N.S.) 967, note, subd. XIV., and cases cited; Thorn v. Schofield, 107 N. W. 100; Merrick v. Merrick (Ohio) 37 Am. Rep. 493.

BRUCE, Ch. J. This is a petition for the construction of a will which was filed by the respondents, Mary, Lena, and Rosa Kahoutek, at the time of the application of the appellant, Adolph Kahoutek, for the allowance of his account as executor and for final distribution.

The petitioner Mary Kahoutek is the widow of the deceased, having been married to him for about twenty years. The respondent is a son of the deceased by his first marriage and for a number of years has lived on the southwest quarter of section 10, which is involved in the case at bar. He has three adult full brothers, one of whom is a cripple. The petitioners Rosa and Lena are children of the deceased by his second wife, and girls of the ages of fifteen and sixteen. For several years before his death the decedent and the petitioner Mary Kahoutek had lived together in the city of Lidgerwood in a home there acquired and, as far as the record shows, harmoniously.

The decedent was at one time the owner of the south half of the southeast quarter of section 9, township 130, range 52, but about fifteen years before his death deeded the same to his wife, the petitioner, for life with the remainder over to his son John. At the time of his death and at the time of making his will he was the owner of the southwest quarter of section 10 of the same township. There is no evidence that he had ever been the owner of the southwest quarter of section 9.

In spite of these facts, however, the will devises to the petitioner Mary Kahoutek a life estate in the southwest quarter of section 9, together with certain homestead property consisting of lots 1 and 2 in block 4—Maxwell's addition to Lidgerwood—and the household furniture.

It is the contention of the petitioner Mary Kahoutek that it was the intention of the deceased to will to her a life interest in the southwest quarter of section 10, which he actually owned, in place of the southwest quarter of section 9, which he did not own, and that the parol and

extrinsic evidence which was introduced on the trial in support of this. contention justified a reformation.

The executor and appellant, on the other hand, claims that there is no ambiguity, either patent or latent, that can be explained by parol or other extrinsic evidence, and that it is incompetent to contradict the written will or to add to or to vary its express provisions.

He maintains that under the guise of construction the respondents, Mary Kahoutek, Rosa Kahoutek, and Lena Kahoutek, are seeking, and the lower court granted, a reformation of the will or the establishment of a parol disposition of testator's property by both adding to and taking from the plain and express terms of the written instrument. He maintains that this cannot be done.

The will is as follows:

Know all men by these presents that I, Anton Kahoutek, of the county of Richland and state of North Dakota, being of sound mind and memory, and thankful to God for the many blessings I have enjoyed, do hereby declare, make, attest, and publish this to be my last will and testament:

First: I direct that all of my legal debts and the expenses of my last sickness and burial shall be paid.

Second: I do give and bequeath unto my wife, Mary Kahoutek, the southwest quarter of section number nine in township number one hundred and thirty, north of range number fifty-two, Richland county, N. D., for the term of her natural life; also lots numbered one and two of block number four of Maxwell's first addition to the city of Lidgerwood, N. D., for the term of her natural life; also all articles of household furniture and utensils and the sum of one dollar in cash.

Third: I do give and bequeath unto my daughter, Anna Kahoutek, and to my sons, Frank Kahoutek, Charles Kahoutek, Anton Kahoutek, each, the sum of one dollar in cash.

Fourth: I do give and bequeath unto my son, John Kahoutek, the sum of five hundred dollars in cash to be paid out of the proceeds of the south half of the southeast quarter of section number nine in township number one hundred and thirty, north of range number fifty-two, Richland county, N. D.

Fifth: I do give and bequeath unto my daughter, Rosa Kahoutek,

the sum of five hundred dollars to be paid in cash out of the proceeds of the southwest quarter of section number ten in township number one hundred and thirty, north of range number fifty-two, Richland county, N. D.

Sixth: I do give and bequeath unto my daughter, Lena Kahoutek, the following real property, subject only to the life estate herein bequeathed unto my wife, *viz.*: Lots numbered one and two in block number four of Maxwell's first addition to the city of Lidgerwood, N. D.

Seventh: I do give and bequeath unto my son, Adolph Kahoutek, the south half of the southeast quarter of section number nine and the southwest quarter of section number ten in township number one hundred and thirty, north of range number fifty-two, Richland county, N. D., subject to the bequests hereinbefore made.

Eighth: I do give and bequeath unto my stepdaughter, Fannie Kahoutek, wife of Charles Kahoutek, the sum of one dollar.

Ninth: I direct that all of my personal property be sold and converted into money, and if there remains any balance after the payment of the expenses of my last sickness and burial and my legal debts, that the same shall be divided share and share alike between all of my children herein named.

Tenth: I do hereby appoint my son, Adolph Kahoutek, to be executor of this my last will and testament and direct that he shall not be required to furnish any bond for the faithful discharge of his duties as such executor.

In testimony whereof I have hereunto subscribed my name and have declared this to be my last will and testament and do hereby declare, attest, and publish this as such in the presence of witnesses whose names are hereto subscribed as Lidgerwood, N. D., this third day of June, 1910.

Anton Kahoutek.

The provisions of the statute upon the subject are as follows:

"Section 5685: A will is to be construed according to the intention of the testator. When his intention cannot have effect to its full extent it must have effect as far as possible.

"Section 5686: In case of uncertainty arising upon the face of a will, as to the application of any of its provisions the testator's inten-

tion is to be ascertained from the words of the will taking into view the circumstances under which it was made, exclusive of his oral declarations.

"Section 5687: In interpreting a will, subject to the laws of this state the rules prescribed by the following sections of this chapter are to be observed, unless an intention to the contrary clearly appears."

"Section 5689: All parts of a will are to be construed in relation to each other, and so as if possible to form one consistent whole, but when several parts are absolutely irreconcilable the latter must prevail.

"Section 5690: A clear and distinct devise or bequest cannot be affected by any reasons assigned therefor, or by any other words not equally clear and distinct, or by inference or argument from other parts of the will, or by an inaccurate recital of or reference to its contents in another part of the will.

"Section 5691: When the meaning of any part of a will is ambiguous or doubtful it may be explained by any reference thereto or recital thereof in another part of the will.

"Section 5692: The words of a will are to be taken in their ordinary and grammatical sense, unless a clear intention to use them in another sense can be collected and that other can be ascertained.

"Section 5693: The words of a will are to receive an interpretation which will give to every expression some effect, rather than one which will render some of the expressions inoperative.

"Section 5694: Of two modes of interpreting a will, that is to be preferred which will prevent a total intestacy."

"Section 5708: When applying a will, it is found that there is an imperfect description, or that no person or property exactly answers the description, mistakes and omissions must be corrected, if the error appears from the context of the will or from extrinsic evidence; but evidence of the declarations of the testator as to his intention cannot be received."

"Section 5678: Every devise of land in any will conveys all the estate of the devisor therein, which he could lawfully devise, unless it clearly appears by the will that he intended to convey a less estate."

We are satisfied that the will does not permit of the construction contended for by respondents. There is, in fact, no imperfect description in the will, nor is there either a patent or a latent ambiguity. The

terms of the will are clear and definite. The fact that it conveys property, which the testator did not own, does not render the instrument indefinite, nor does it permit us to make a new will for the testator, based upon what we may assume he intended to convey.

It is a well-established rule that "the expressed intention will not be varied under the guise of correction. . . . The inquiry will not go to the secret workings of the mind of the testator. . . . It is not, what did he mean, but what do his words mean. . . . The intention to be sought is not that which existed in the mind of the testator, but that which is expressed in the language of the will. . . . The inquiry of the court in construing the will comes to an end when the intention has been discovered from the language of the will. . . . It is never at liberty to supply an omission or to wrest language from its plain import or give it such a meaning as the testator would have intended if he had known that his own effort had resulted in failure. . . . Otherwise the court is not carrying out the last will of the deceased, but is making testamentary disposition of his property for him,—not such disposition as the testator named, but such disposition as the court thinks he would have named." Re Young, 123 Cal. 337, 55 Pac. 1011; Bingel v. Volz, 142 Ill. 214, 16 L.R.A. 321, 34 Am. St. Rep. 64, 31 N. E. 13; Re Lynch, 142 Cal. 373, 75 Pac. 1086; Re Fair, 132 Cal. 523, 84 Am. St. Rep. 70, 64 Pac. 1000; same case in which dissenting opinion (60 Pac. 451) becomes majority opinion; Sturgis v. Work, 122 Ind. 134, 17 Am. St. Rep. 349, 22 N. E. 996; Taylor v. Horst, 24 Wash. 446, 63 Pac. 231; Bingel v. Volz, 142 Ill. 214, 6 L.R.A.(N.S.) 321, 34 Am. St. Rep. 64, 31 N. E. 13, 6 L.R.A.(N.S.) 943–977 note; Jackson ex dem Van Vechten v. Sill, 11 Johns. 201; Kurtz v. Hibner, 55 Ill. 514; Fitzpatrick v. Fitzpatrick, 36 Iowa, 674, 14 Am. Rep. 538; Christy v. Badger, 72 Iowa, 581, 34 N. W. 427; Sherwood v. Sherwood, 45 Wis. 357, 30 Am. Rep. 757; McGovern v. McGovern, 75 Minn. 314, 74 Am. St. Rep. 489, 77 N. W. 970.

This seems to be the almost universal rule; for although cases are cited by counsel for the respondent, which he claims hold to the contrary, they are all cases where the meaning of the words used in the will are uncertain and are sought to be ascertained, and not cases where the meaning is clear, but a different intention is claimed.

"None of them hold that where the will is certain in its terms as to

the character of the devise, extrinsic evidence can be introduced to change or vary its terms." Taylor v. Horst, 24 Wash. 446, 63 Pac. 231.

The general rule, indeed, is that "the will of a deceased person must be entirely in writing, and that there must be sufficient in the will, after striking out the false terms, to designate with reasonable certainty the particular tract which the testator intended to dispose of. Re Lynch, 142 Cal. 373, 75 Pac. 1086; Re Tompkins, 132 Cal. 173, 64 Pac. 268.

Although § 5708 of the Compiled Laws of the North Dakota permits a reformation in certain cases, these cases are only those of *imperfect* descriptions and where no person or property *exactly answers* the descriptions.

There is a wide distinction between an imperfect description and no description at all, and between an imperfect description and a description which is definite and certain but which it is contended the testator could never have intended to have written, since it conveys property he never owned. Re Callaghan, 119 Cal. 571, 39 L.R.A. 689, 51 Pac. 860.

We have carefully examined the cases which are cited by counsel for respondents, but none of them appear to support his contention. It is true that in a number of them the introduction of extrinsic evidence is sanctioned and a reformation is permitted, but they are all cases where there is a general description of the property sought to be conveyed, followed by a specific description which is uncertain, or where, as in the case of Priest v. Lackey, 161 Ind. 399, 39 N. E. 54, in addition to the specific devise or description of land, which the testator does not own, he generally devises to the particular legatee all of his lands or estate, so that there is nothing over, and in such case the false description can be stricken out as surplusage without affecting any other bequest or any other remainder; or where reference is made in the will to some extrinsic fact which may make the intention certain, or there are two persons or pieces of property which equally comply with the description in the instrument. See Priest v. Lackey, supra; Pate v. Bushong, 161 Ind. 533, 63 L.R.A. 593, 100 Am. St. Rep. 287, 69 N. E. 291; Patch v. White, 117 U. S. 210, 29 L. ed. 860, 6 Sup. Ct. Rep. 617, 710; Decker v. Decker, 121 Ill. 341, 12 N. E. 750; Bowen v. Allen, 113 Ill. 53, 55 Am. Rep. 398; Whitcomb v. Rodman, 156 Ill.

116, 28 L.R.A. 149, 47 Am. St. Rep. 181, 40 N. E. 553; Stewart v. Stewart, 96 Iowa, 620, 65 N. W. 976; Eckford v. Eckford, 91 Iowa, 54, 26 L.R.A. 370, 58 N. W. 1093; Merrick v. Merrick, 37 Ohio St. 126, 41 Am. Rep. 493; Hanley v. Kraftczyk, 119 Wis. 352, 96 N. W. 820; Re Pope, 91 Minn. 299, 97 N. W. 1046; Smith v. Wyckoff, 3 Sandf. Ch. 77; Pritchard v. Hicks, 1 Paige, 270.

Counsel also is incorrect in his assumption that the English authorities support his view of the case. An examination of these authorities will evidence this error. See Miller v. Travers, 8 Bing. 244, 131 Eng. Reprint, 395; Doe ex dem Hiscocks v. Hiscocks, 5 Mees. & W. 362, 151 Eng. Reprint, 154; Hart v. Tulk, 2 De G. M. & G. 300, 42 Eng. Reprint, 888, 22 L. J. Ch. N. S. 649.

Is it then apparent on the face of the will or from anything contained therein that the intention of the testator was to will and devise to the said Mary Kahoutek a life estate in the southwest quarter of section 10 in addition to a life estate in the lots in the city of Lidgerwood, the household furniture and utensils, and the life interest in the south half of the southeast quarter of section 9, which he had formerly deeded to her?

Surely it is not, but if anything the contrary; for by the 7th paragraph of the will this land in section 10, together with the south half of the southeast quarter of section 9, is given to his son Adolph "subject to the bequests hereinbefore made," and by paragraph 4 a charge of $500 in favor of his son John Kahoutek is made on the south half of the southeast quarter of section 9 and another of $500 in favor of his daughter Rosa, on the southwest quarter of section 10.

These bequests are clear and explicit. Surely it is not the law that the fact that in one paragraph of a will a testator devises by specific description property that he does not own will justify the court in taking an equivalent amount from a bequest which is definitely made to another, and in saying that the fact that the former property was not owned by the testator justifies the conclusion that he intended that his valid and definite bequests should be set aside.

The order of the District Court is reversed and the cause is remanded for further proceedings according to law.

GRACE, J. I dissent.

ROBINSON, J. (dissenting). In this case it appears that Anton Kahoutek made a will by the express terms of which he left to his wife the S.W. ¼ of section 9, town 130, range 52, for the term for life. He did not own any part of that quarter section, but he did own the S.W. ¼ of section 10 in the same town and range, and by some inadvertence it is clear that in the will section 9 was written for section 10. Manifestly the testator did not mean to mock his wife by an attempt to leave her a quarter section of land that he did not·own. Now the statute is that: When applying a will, it is found that there is an imperfect description, or that no person or property exactly answers the description, mistakes and omission must be corrected, if the error appears from the context of the will or from extrinsic evidence. § 5708. Now, from the will itself it does appear that the testator intended to leave to his wife a quarter section of land in the specified township and a quarter section that he owned, and from extrinsic evidence it appears that he owned the S.W. ¼ of section 10, and not the S.W. ¼ of 9. Hence, it is clear to a mathematical demonstration that the purpose of the testator was to bequeath to his wife the S.W. ¼ of section 10; and it is the plain duty of this court to give effect to the will, that is, to the testator's purpose, when it is manifest from the will and from extrinsic evidence. That is in accord with plain common sense and the letter and spirit of the statute. Hence, the judgment of the district court should be affirmed.

## On Reargument.

BRUCE, Ch. J. A reargument has been had in the above-entitled case, but the majority of the court still adheres to its original opinion.

As we understand the law as declared by §§ 5686 and 5708, Comp. Laws of 1913, and as laid down by both the English and the American cases, including the case of Patch v. White, 117 U. S. 210, 29 L. ed. 860, 6 Sup. Ct. Rep. 617, 710, and on which counsel for respondent chiefly relies, it is that extrinsic evidence is not permissible to ·correct a mere mistake, but is only permissible where there is a latent ambiguity and where the false words or false description may be stricken out, and there still remains enough in the will to clearly evidence the intention of the testator, and to describe the legatee or the property sought to be devised.

No such a situation is before us. At the most the question is merely, Did the testator intend that his wife should have a life estate in 80 or in

160 acres of land? Even if we strike out the false words "section 9" on the ground that the testator did not own the southwest quarter of that section, what is there in the will to prove that he intended to devise to his wife a life estate in the southwest quarter of section 10, and to thus limit the definite bequest of the same quarter to his son Adolph, burdened as it was by the bequest of $500 to his daughter Rosa?

Perhaps the testator believed that he owned the southwest quarter of section 9. Even if he had been told upon his deathbed that he did not, are we sure that he would have changed the remainder of his will, and the bequest to his son Adolph, in the light of the fact that he had already deeded to his wife a life estate in the south half of the southeast quarter of section 9?

Perhaps the false words were not "section 9" at all, but the words "southwest quarter," and it was the intention of the testator merely to confirm in his wife the life estate in the south half of the southeast quarter of section 9, which he had already deeded to her.

We are asked, indeed, not to correct a latent ambiguity in reference to a general description contained in the will with which a particular description is inconsistent, and this is usually the only case in which the courts can interfere, but to make a new will based on our belief as to what the testator should have done. This we cannot do. The right to devise property by will is not a natural, but a statutory, right. The statutes have placed certain restrictions upon the methods by which property can be devised, and we are bound thereby.

It may be well to suggest that in the case of Patch v. White, supra, not only did the court hold that there was a sufficient general description in the will to identify the property and to correct the mistake, but that the property in question was devised to no one else, and that it was the intention of the testator to devise all of his property. Here all of the testator's property is devised and here is no general description to rely upon.