No. 13447

IN THE SUPREME COURT OF THE STATE OF MONTANA

1977

---

STATE OF MONTANA, ACTING BY AND THROUGH
THE STATE FISH AND GAME COMMISSION,

      Plaintiff and Appellant,

  -vs-

PAUL T. KELLER, Executor of the Estate of
Ray Kuhns, Deceased et al.,

      Defendants and Respondents.

---

Appeal from: District Court of the First Judicial District,
      Honorable Peter G. Meloy, Judge presiding.

Counsel of Record:

  For Appellant:

    Clayton R. Herron argued, Helena, Montana

  For Respondents:

    Keller, Reynolds and Drake, Helena, Montana
    Paul T. Keller argued, Helena, Montana
    Tipp and Hoven, Missoula, Montana
    Vernon Hoven argued, Missoula, Montana

---

        Submitted: May 25, 1977

         Decided: AUG 22 1977

Filed: AUG 22 '977

_Thomas J. Kearney_
          Clerk

Mr. Justice Frank I. Haswell delivered the Opinion of the Court.

Plaintiff appeals from the district court's determination in a declaratory judgment suit to construe a will that there was no ambiguity in the the will and defendants were entitled to distribution of certain real property.

Plaintiff is the state of Montana Fish and Game Commission. In his will executed October 22, 1971, Ray Kuhns devised to the State Fish and Game Commission certain real property which constituted the bulk of a ranching and farming operation he owned near Kalispell, Montana. He specifically excepted from the devise a 3-1/2 acre area surrounding the ranch buildings, the original homestead. Kuhns then disposed of the remainder of his estate by a residuary clause which gave all his remaining property to his heirs at law. This included real property he owned near Essex, Montana, his home outside of Helena, Montana, and the 3-1/2 acre area excepted from the devise to plaintiff.

The paragraph devising the ranch lands to the State Fish and Game Commission stated:

> "SECOND: I hereby give, devise and bequeath to the STATE OF MONTANA all of my interest in the land in Sections Twenty (20), Twenty-one (21), Twenty-eight (28), Twenty-nine (29), Thirty (30), and Thirty-three (33), Township Thirty (30) North, Range Twenty-two (22) West in Flathead County, Montana, with the exceptions of three and one-half (3-1/2) acres heretofore surveyed surrounding the ranch buildings, the same is being given to the State of Montana for the use and benefit of the FISH AND GAME COMMISSION for wildlife management and for public outdoor recreation."

At his death on September 2, 1973, Ray Kuhns did not have an interest in Section 30, Township (30) North, Range 22 West in Flathead County, Montana, nor did he ever have an interest in that section. Section 30 was owned partly by the state of Montana and partly by other private individuals. Kuhns did, however, own 160 acres of land in Section 32 of that same township and range. This land was adjacent to the lands owned by him in

- 2 -

Sections 29 and 33 devised to the State Fish and Game Commission by paragraph SECOND of decedent's will.

After the filing of decedent's will for probate, the district court entered a "DECREE OF PARTIAL DISTRIBUTION" distributing to plaintiff lands in Sections 20, 21, 28, 29 and 33 as provided for in decedent's will. The decree did not distribute to plaintiff any land in Section 32. Plaintiff reserved the right to bring before the district court a determination of the questions and issues presented in the instant action.

Plaintiff filed a complaint for declaratory judgment naming Paul T. Keller, the executor of Kuhns' estate, and Kuhns' heirs as defendants. Plaintiff alleged decedent intended to devise to plaintiff the 160 acres in Section 32 and the scrivener merely erred in writing "Section Thirty (30)" in decedent's will rather than "Section Thirty-two (32)". Defendants answered the will was not ambiguous and, therefore, was not subject to interpretation.

The district court found the will was clear and that the description in controversy was a "completely, total, adequate and legal description of existing private real property." It concluded the will was unambiguous and plaintiff was not entitled to distribution under decedent's will of any property in Section 32, Township 30 North, Range 22 West. The court entered a decree declaring defendants Edith Kuhns, Myrtle Schump, Thomas W. Mullin and Anthony J. Mullin were entitled to distribution of the lands decedent owned in Section 32. Plaintiff appealed.

Plaintiff raises four issues on appeal:

1. Does the evidence support the district court's findings that the will was unambiguous and that the description in controversy was a complete, total, adequate and legal description of existing private property?

2. Do the district court's findings support its conclusions of law?

3. Did the district court err in refusing to admit plaintiff's exhibit two into evidence?

4. Did the district court err in admitting defendants' exhibit 4 into evidence?

The first two issues may be consolidated into whether a party may show by extrinsic evidence that by a devise of certain described real property which the testator never owned nor had an interest in, the testator actually intended to devise certain other real property which he did own. This issue has not previously been before this Court.

In construing a will the paramount rule is that the intestator's intent gathered from the words of the will governs the interpretation of the will. Section 91-201, R.C.M. 1947 (repealed by Sec. 2, Ch. 365, Laws 1974, and replaced by section 91A-2-603, R.C.M. 1947.) In re Hume's Estate, 128 Mont. 223, 272 P.2d 999 (1954). Extrinsic evidence is not admissible to add words to, or to take words away from, those in the will, or to contradict the will's language. Section 91-206, R.C.M. 1947; 4 Bowe-Parker: Page on Wills, §32.1, p. 230. Extrinsic evidence is admissible to show the existence of a latent ambiguity. Section 91-224, R.C.M. 1947 provides:

> "When, applying a will, it is found that there is an imperfect description, or that no person or property exactly answers the description, mistakes and omissions must be corrected, if the error appears from the context of the will or from extrinsic evidence; but evidence of the declarations of the testator as to his intentions cannot be received."

Plaintiff contends that because testator did not own property in Section 30, a latent ambiguity exists, thus allowing the admission of extrinsic evidence of the testator's intent to explain the ambiguity. Defendants counter the description "all

- 4 -

of my interests in the land in Sections * * * Thirty (30) * * *"
perfectly describes existing real property. They contend the
description is not made ambiguous by the fact the decedent
never had any interest in land in Section 30. They conclude be-
cause the description is unambiguous, extrinsic evidence is in-
admissible to show what the decedent meant by it.

Section 91-224, requires that if extrinsic evidence shows
there is either an imperfect description or that no property
exactly answers the description, the mistake must be corrected.
Was there, then, an imperfect description or no property that
exactly answers the description? The district court found that
real property exists which exactly answers the description
"Section Thirty (30), Township Thirty (30) North, Range Twenty-
Two (22) West, in Flathead County, Montana." The district court
also found it was a perfect description of real property. It
was not, however, a perfect description of real property owned by
the testator, as the testator had no interest in that particular
section. A testator is presumed to have intended to dispose of
property which he owned, rather than property of another over
which he had no power of testamentary disposition. Gano v. Gano,
239 Ill. 539, 88 N.E. 146, 147 (1909); Collins v. Capps, 235
Ill. 560, 85 N.E. 934, 935 (1908); 4 Bowe-Parker: Page on Wills,
§33.18, p. 320 (1961). Contra, In re Lynch's Estate, 142 Cal.
373, 75 P. 1086, 1088 (1904).

In light of this presumption, we hold a description of
property is an "imperfect description" within the meaning of
section 91-224, if it is a description of property over which the
testator had no power of testamentary disposition. The description
is "imperfect" because it describes property in which the testator
had no interest. As the testator Kuhns had no

- 5 -

interest in "Section Thirty (30), Township Thirty (30) North, Range Twenty-two (22) West, in Flathead County, Montana"; it is an imperfect description.

Section 91-224 requires that when there is an imperfect description, the mistake or omission must be corrected. The question remains how to correct the mistake or omission. The court will not rewrite a testator's will for him by substituting what the court thought the testator intended for the erroneous provision. In re Kahoutek's Estate, 39 N.D. 215, 166 N.W. 816, 818 (1918). The court must be guided by the testator's intent as expressed in his will.

> " * * * if, after the false description or part of a description is discarded, there remains in the devise language sufficiently full and accurate to identify the subject of the gift with sufficient certainty, the property thus indicated will pass; but if, on the other hand, when the false description is eliminated from the will there is not enough left to afford a basis for identifying the subject of the gift, nothing can pass. * * *"4 Bowe-Parker: Page on Wills §33.16, p. 314.

/See
Patch v. White, 117 U.S. 210, 6 S.Ct. 617, 29 L.ed. 860.

When the false words are struck from testator's description, we have left "I hereby give, devise and bequeath to the STATE OF MONTANA all of my interest in the land in Sections Twenty (20), Twenty-one (21), Twenty-eight (28), Twenty-nine (29),_____, and Thirty-three (33) * * *." No language remains in the devise to demonstrate with sufficient certainty the testator intended Section 32 to pass under this paragraph. In re Lynch's Estate, supra. In re Kahoutek's Estate, supra. This is not an instance of a general description of property sought to be devised followed by a specific description of that property which is uncertain. Stuesse v. Stuesse, (Mo. 1964) 377 S.W.2d 389. To allow plaintiff to show by extrinsic evidence that the testator allegedly intended to devise to plaintiff his lands in Section 32 without any indication

- 6 -

of such an intent expressed in the will would be to rewrite the testator's will. This we cannot and will not do. Before such extrinsic evidence is admissible, plaintiff must show from the face of the will that that was the testator's intent. Thus, the devise of "Section Thirty (30)" passes nothing to the plaintiff.

Given our conclusion as to the first two issues raised by plaintiff, we find it unnecessary to discuss the evidentiary issues.

Judgment affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____