No. 80-339

IN THE SUPREME COURT OF THE STATE OF MONTANA

1981

_____

IN THE MATTER OF THE ESTATE OF
INGA ERDAHL, Deceased.

_____

Appeal from:  District Court of the Fifteenth Judicial District,
              In and for the County of Roosevelt.
              Honorable M. James Sorte, Judge presiding.

Counsel of Record:

    For Appellant:

        Graybill, Ostrem, Warner and Crotty, Great Falls, Montana

    For Respondent:

        Gallagher, Archambeault and Knierim, Glasgow, Montana

_____

Submitted on briefs: April 8, 1981

Decided: JUN 23 1981

Filed:  JUN 2 1981

_____ _Thomas J. Kearney_ _____
                                    Clerk

Mr. Justice Gene B. Daly delivered the Opinion of the Court.

This is an appeal from a holding by the District Court that Alvin Erdahl, hereinafter appellant, failed to exercise an option "to take" contained in the Last Will and Testament of his mother, Inga Erdahl.

Inga Erdahl died on September 21, 1975, and is survived by eight children including appellant. Her Last Will and Testament, dated November 6, 1968, was prepared by and remained in the possession of attorney Jerry Wallender of Froid, Montana. The will named appellant as personal representative. On April 24, 1978, appellant filed the will with the District Court along with his application for informal probate. On May 3, 1978, the decedent's will was admitted to probate in informal proceedings; however, the testacy status of the decedent was not determined until May 6, 1978. On November 21, 1978, appellant was replaced as personal representative by his younger brother, Ingmar.

The will contained the following paragraphs which are the subject of this litigation:

> "FIFTH: I hereby give, devise and bequeath all of my property not hereinbefore mentioned, both real and personal, of every nature and wherever situate, of which I may die seized or possessed, to such of my children as shall survive me, in equal parts, . . . subject, however, to the provisions of paragraph Six (6).

> "SIXTH: I hereby give my son, Alvin O. Erdahl, if he survives me, the option to take all farm real property of which I may die seized or possessed and the residential property described as . . . all said property having been devised and bequeathed heretofor in paragraph Five (5) at a value of Twenty-three Thousand Five Hundred and No/100 Dollars ($23,500.00) and to distribute said payments in accordance with the provisions of paragraph Five (5) herein, and in case my son, Alvin O. Erdahl, does not elect to exercise his option, then such option may be

exercised by my other children surviving me, according to priority of age, with distribution of payment therefor to be made according to the provisions of paragraph Five (5) herein. The option hereby expressed, in any event, to be exercised within two years of the date of my death."

Since 1946 appellant has been in possession of and has farmed the property described in paragraph six on a crop-share basis wherein the crops and expenses were shared equally between appellant and his mother. After his mother's death, appellant continued in possession up to and including the date of the hearing on this matter.

It was not until 1978 that appellant tendered payment of the purchase price of $23,500. On October 27, 1978, appellant caused to be deposited in the estate account the sum of $8,000, and on December 11, 1978, he forwarded a check in the amount of $15,500 to the personal representative's attorney, Francis Gallagher. However, on December 15, 1978, the personal representative remitted an $8,000 estate check to appellant and the $15,500 check was subsequently returned to appellant by Gallagher. At this time, the $8,000 estate check is in appellant's possession and remains uncashed.

We are asked to decide whether the option to take was exercised within the designated two-year period.

Appellant argues that by taking and treating the land and crops as his own and residing in the dwelling, he has exercised the option and, therefore, the property is rightfully his under the will. Also, upon inquiring into the exercise of the option, appellant was advised by the attorney who prepared the will, J. B. Wallender, that accepting the crop and treating the land as his own was

sufficient to indicate an acceptance of the option. Appellant contends the option is exercisable by taking, not making payments, and his actions served as constructive legal notice to the other devisees of his exercise of the option.

Respondent, on the other hand, contends that appellant did not exercise the option given him under the provisions of his mother's will. As compared to the time before his mother's death, there was no change in the way appellant handled the premises after her death. Paragraph six of the will requires payment of the option price during the two-year life of the option. This was not done, and, therefore, the option was not properly exercised.

It is well settled that the intention of a testator, as expressed in his will, controls the legal effect of his disposition. Section 72-2-501, MCA; State, Fish & Game Comm'n v. Keller, Etc. (1977), 173 Mont. 523, 568 P.2d 166. The intent of the testator must be found from all parts of the will which are to be construed in relation to each other so as, if possible, to form one consistent whole. In Re Spriggs' Estate (1924), 70 Mont. 272, 225 P. 617. The intention of the testator is also to be ascertained from the words of a will which are to be taken in their ordinary and grammatical sense, unless a clear intention to use them in another sense can be collected and that other can be ascertained. Section 72-11-302, MCA; In Re Humes Estate (1954), 128 Mont. 223, 272 P.2d 999.

Upon review of the entire record and construction of the will as a whole, the actions of appellant are insufficient to constitute an exercise of the option created

-4-

in paragraph six.

The operative words of the will are: "I hereby give my son . . . the option to take all . . . property . . . at a value of $23,500 and to distribute said payments in accordance with paragraph five. The option hereby expressed, in any event, to be exercised within two years of the date of my death."

In the ordinary grammatical sense, the words "to take" mean to lay hold of, seize, deprive one of possession, or to assume ownership. Driver v. Driver (1933), 187 Ark. 875, 63 S.W.2d 274; City of Durham v. Wright (1925), 190 N.C. 568, 130 S.E. 161. Were these words found alone in the will, we would have no problem determining appellant's actions of possession and farming sufficient to constitute an exercise of the option.

The words "to take," however, are not found in isolation; they are followed by "at a value of $23,500.00 and to distribute said payments in accordance with paragraph five. The option to be exercised within two years of the date of my death." Section 72-11-303, MCA, mandates that words of a will are to receive an interpretation which will give to every expression some effect, rather than one which will render any of the expressions inoperative. Adherence to appellant's contentions would render the above portion of the will meaningless and be in abrogation of section 72-11-303, MCA; this we will not do.

If the will had simply given the property to appellant he would, of course, upon acceptance have acquired a fee simple title thereto subject to the charge. Here, however, appellant had a right to refuse to take, and the

-5-

fee simple title could not vest until his decision on that point was made. As stated by Chief Justice Marshall in United States v. Grundy and Thornburgh (1806), 3 Cranch 337, 352, 2 L.Ed. 459: "It seems to be of the very nature of a right to elect one of two things, that actual ownership is not acquired in either, until it be elected."

The court in In Re Champion's Estate (1890), 15 N.Y.S. 768, 769, held that an option to purchase is not a "devise" but rather a "beneficial right or privilege" and that to become the owner of the property, it was necessary for the holder of the privilege to take a deed for it from the executors and his title to the property would be by deed and not by the will.

The testatrix's intention, as expressed by the will, required appellant to exercise his option by making payment in the amount of $23,500 within two years of the date of his mother's death. Appellant did not tender payment until more than three years after his mother's death. He thus failed to adequately exercise his option.

The judgment of the District Court is affirmed.

_____
Justice

We concur:

-6-