No. 89-515

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

In the Matter of the
Estate of Doris I. DeLong,
Deceased,

Pat Drabant, Smith Eugene
Davies, Irene Morgigno,
Barbara Elliott, LaVonne Davies,

      Petitioners and Appellees,

    - vs -

Helen E. DeLong,

      Respondent and Appellant.

APPEAL FROM:   District Court of the Ninth Judicial District,
               In and for the County of Lincoln,
               The Honorable Robert S. Keller, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Marshall M. Myers, Eureka, MT

    For Respondent:

        S. Charles Sprinkle, Libby, MT

                           Submitted:  12/14/89

                           Decided:   March 6, 1990

Filed:

                                Clerk

Justice John C. Sheehy delivered the Opinion of the Court.

Decedent Doris I. DeLong provided in the second paragraph of her form will, "I give, devise and bequeath to <u>James E. DeLong or Helen DeLong</u>." (Underlined words are handwritten.) Petitioners and appellees, Pat Drabant, Smith Eugene Davies, Irene Morgigno, Barbara Elliott, and Lavonne Davies petitioned the District Court to declare the will of the decedent Doris I. DeLong invalid or to determine that the estate passed by intestacy.

The District Court, Nineteenth Judicial District, Lincoln County, determined that the will of Doris DeLong of August 9, 1988, is a valid will and that Helen DeLong be appointed personal representative. Furthermore, the District Court denied Pat Drabant's request to be appointed personal representative. The District Court also found that under the will no testamentary disposition was made of the property of the decedent, and ordered the decedent's property to pass under the law of intestate succession. The District Court attached the following brief memorandum to explain its holding:

> State of Montana v. Keller, 173 Mont. 523, 528, 568 P.2d 166 (1977) makes it clear that the Court cannot rewrite the will of the testatrix, and there is nothing by which to clearly determine the intent of the testatrix. The reference to "to all other relatives and friends I leave my love and my good will" tells the Court nothing with respect to the intent of Doris I. DeLong. She had already planned to "give, devise and bequeath" <u>something</u> to James E. DeLong or Helen E. DeLong. She originally wrote that it was to go to James E. DeLong <u>and</u> Helen E. DeLong, but she lined out the word "and" and inserted the word "or", which now puts the will in the posture of not knowing what it is that is to be bequeathed or devised, but also does not tell us to whom. The parties may have agreed to the competency of Doris I. DeLong, but the foregoing is sufficient for me to determine that I do not

2

know what the testatrix had in mind, and I may not rewrite the will.

As such, the remainder of the will then is valid, thus revoking all other wills, and appointing Helen DeLong as the Personal Representative.

The respondent and appellant, Helen E. DeLong, appeals the District Court order, asserting the decedent's intent was to devise all of her property to Helen or James DeLong. We disagree with appellant, and affirm the District Court.

Essentially the appellant raises one single issue on appeal: **Whether the District Court erred in finding lack of testamentary intent.**

Appellant argues that an examination of the entirety of Doris DeLong's will shows that her intent was to devise her entire estate to Helen or James DeLong. In contrast, the appellees assert the will is valid, but the decedent's intent is impossible to deduce by a reading of the four corners of the will. Therefore the estate should pass by intestacy.

It is well settled that the intention of a testatrix, as expressed in her will, controls the legal effect of her disposition. Section 72-2-501, MCA; In Re the Estate of Erdahl (Mont. 1981), 630 P.2d 230, 231; State Fish & Game Comm'n. v. Keller, Etc. (1977), 173 Mont. 523, 526, 568 P.2d 166, 168. The intent of the testatrix must be found from all parts of the will which are to be construed in relation to each other so as, if possible, to form one consistent whole. In Re the Estate of Spriggs (1924), 70 Mont. 272, 225 P. 617. The intention of the testatrix is also to be ascertained from the words of a will which

3

are to be taken in their ordinary and grammatical sense, unless a clear intention to use them in another sense can be collected and that other can be ascertained. Section 72-11-302, MCA; In Re the Estate of Humes (1954), 128 Mont. 223, 226, 272 P.2d 999, 1000.

In the present case, the decedent, on August 9, 1988, executed a valid will. The will contains the printed language: "Second--I give, devise and bequeath to" and then sets holographically the names "James E. DeLong or Helen DeLong. In case of Helen and James death, I leave to Tom DeLong." Originally she wrote that it was to go to "James E. DeLong and Helen DeLong," but she lined out the word "and" and inserted the word "or." The will then sets forth in a second holographic paragraph: "To all other relatives and friends I leave my love and my good will."

The appellant contends that by construing the two holographic sections in relation to each other, as required by Erdahl, the only possible interpretation of the testatrix's intent is that she intended to convey her entire estate to Helen or James DeLong, or in the event of their death to Tom DeLong, and nothing to her remaining relatives and friends. We adopt the District Court's reasoning that by lining out the word "and" and by inserting the word "or," the will is left in a state of "not knowing what it is that is to be bequeathed or devised, but also does not tell us to whom."

In this case, the will simply does not leave any property, real or personal, to anyone. As this Court stated in State Fish & Game Comm'n. v. Keller, Etc. (1977), 173 Mont. 523, 528, 568 P.2d

4

166, 169, we will not rewrite the will of testatrix by substituting what this Court thought the testatrix intended for the erroneous provision. Therefore, the residual portion of this will is invalid, and the estate must pass by intestacy. Section 72-2-201, MCA.

Despite the lack of testamentary intent, appellant argues the will can be cured by applying the legal definitions for the words "devise" and "bequeath." Appellant, relying on Black's Law Dictionary and some case law from other jurisdictions, proposes the following definitions:

> 1) Devise--A testamentary disposition of land or realty; a gift of real property by the last will and testament of the donor . . . when used as a verb, means to dispose of real or personal property.
>
> 2) Bequeath--To give personal property by will to another.

Next, the appellant by inserting the above definitions contends the will reads as follows:

> Second--I give real property (devise) and personal property (bequeath) to James E. DeLong or Helen DeLong.

We cannot adopt appellant's argument. Appellant is asking the Court to conjure up the intent of the decedent, a task this Court is not capable of performing. This Court cannot determine what portion, if any, of her real and personal property the decedent intended to pass to James DeLong or Helen DeLong.

Furthermore, appellant contends the property should vest in Helen and James DeLong as owners in common pursuant to § 72-11-319, MCA. Section 72-11-319, MCA, provides that "A devise or legacy given to more than one person vest in them as owners in

5

common." This argument fails for two reasons. First, the decedent's use of the word "or" does not connote a devise to "James and Helen DeLong" as owners in common, but rather a devise to either "James DeLong" or "Helen Delong." Second, if we would consider the DeLongs owners in common, the will still fails because it is impossible from reading the will to determine what the testatrix intended to devise to the DeLongs.

Finally, appellant claims the will is in the posture of having one beneficiary of the testatrix's real and personal property, that person being James DeLong. Appellant arrives at this conclusion from the fact that on September 24, 1989, Helen DeLong relinquished any interest she may have possessed under the will. The filing of her relinquishment post-dated the District Court hearing on this matter. The issue was not properly presented to the District Court, and this Court will not review an issue raised for the first time on appeal. Weinberg v. Farmers State Bank of Worden (1988), 231 Mont. 10, 19, 752 P.2d 719, 724; Rozzel Corp. v. Dept. of Public Service Regulation, et al. (1987), 226 Mont. 237, 243, 735 P.2d 282, 286; Akhtar v. Van De Wetering (1982), 197 Mont. 205, 209, 642 P.2d 149, 152; Peters v. Newkirk (Mont. 1981), 633 P.2d 1210, 1212. Furthermore, regardless of whether one or another of the DeLongs have relinquished an interest, the question still arises, "What interest did they relinquish?" We cannot answer this question because we cannot divine the intent of the testatrix.

While the residual portion of the will is invalid, the remainder of the will is valid. As we stated In Re Bernheim's

6

Estate (1928), 82 Mont. 198, 213, 266 P. 378, 384:

> Where a will contains different provisions, some of which are valid by law and others invalid, those which are valid will be upheld, if they can be separated from those which are invalid without violating the testator's general intention, and as to the parts which are invalid the testator may be held to have died intestate. . . .

In this present case, the residual portion of the will is invalid due to the lack of testamentary intent, but the rest of the will, revoking all other wills and appointing Helen DeLong as the personal representative, is valid. Accordingly, because the real and personal property of the decedent Doris I. DeLong is not effectively disposed of by her will, that property passes under the laws of intestate succession. Section 72-2-201, MCA; Dahood v. Frankovich (1987), 229 Mont. 287, 289, 746 P.2d 115, 116.

The problems encountered with the will in this case illustrate how treacherous it is to rely on preprinted form wills. At the time the decedent executed the will she may have saved herself the expense of a lawyer, but in the end her presumed devisees lost it all to intestacy.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

7