No.   89-605

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

IN THE MATTER OF THE
ESTATE OF RALPH M. ELLISON,
     Deceased.

APPEAL FROM:   District Court of the Tenth Judicial District,
               In and for the County of Fergus,
               The Honorable Peter L. Rapkoch, Judge presiding.

COUNSEL OF RECORD:

         For Appellant:

             Carl A. Hatch, Small, Hatch, Doubek & Pyfer, Helena,
             Montana

         For Respondent:

             Leonard H. McKinney, Lewistown, Montana
             William E. Berger, Wilkins and Berger, Lewistown,
             Montana

                              Submitted:   April 5, 1990

                              Decided:   May 8, 1990

Filed:

_____
                    Clerk

Justice John C. Sheehy delivered the Opinion of the Court.

Appellants, Nora Jean Scott, Gary Ellison, Larry Ellison, Scott Ellison and Pat Ellison appeal from an order of the Tenth Judicial District, Fergus County, construing the terms of the Will of Ralph M. Ellison. We affirm the District Court's order.

Appellants raise one issue on appeal: Whether the District Court erred in construing the phrase "tax-free municipal bonds" found in the decedent's Will?

Ralph M. Ellison, a resident of Lewistown, Montana, died August 19, 1988. On August 31, 1988, his Will was admitted to probate by the Fergus County District Court. The Will provides the following in Paragraph II:

> I have invested money in tax-free Municipal Bonds. I give, devise and bequeath one-half of all Municipal Bonds that I own at the time of my death to SCOTT ELLISON, GARY ELLISON, LARRY ELLISON, PAT ELLISON and NORMA JEAN SCOTT, in equal shares, share and share alike. I direct that any inheritance tax attributable to any of these people is to be paid by them from their individual bequests.

The remaining one-half of the tax-free Municipal Bonds passed to Erma M. Ellison, his surviving spouse, as part of the rest, residue and remainder of the estate under Paragraph IV:

> I give, devise and bequeath all of the rest, residue and remainder of my property of whatever nature, kind or description, whether real, personal or mixed, wheresoever situated, belonging to me or in which I am possessed, or to which I may have an interest, or to which I may be entitled at the time of my death, to my wife, ERMA M. ELLISON.

Ralph Ellison was a knowledgeable investor, with a large portfolio of municipal bonds, mutual funds and trusts. The estate's Schedule B Inventory and Appraisement list sets forth 60 such investments. The question arises, "What did Ralph Ellison

2

intend by using the term "tax-free Municipal Bonds?" Everyone concerned with the estate agrees that items 1-45 on the estate's inventory list are tax-free bonds issued by various local government units of the state of Montana. However, with regard to items 50-60 of the estate's inventory list there is no agreement between the devisees. Those are securities found with names or designations other than municipal bonds, but which have some, though not all, of the characteristics of municipal bonds. They represent municipal obligations, but are not free of Montana inheritance tax, though they are of federal estate tax.

Accordingly, the personal representative filed a petition requesting the District Court to construe the language "tax-free Municipal Bonds." After a full hearing on the matter, the District Court issued its order on November 13, 1989, concluding that items 50-60 on the inventory list are not "tax-free Municipal Bonds" to be distributed under paragraph II of the Will. The beneficiaries named in paragraph II, Scott Ellison, Gary Ellison, Larry Ellison, Pat Ellison and Nora Jean Scott, who under the court's construction of the Will have been deprived of a total of $125,499.63, appeal the District Court's order.

I.

Whether the District Court erred in construing the phrase "tax-free municipal bonds" found in the decedent's Will?

The nieces and nephews contend that items 50-60 in the inventory list have the character of tax-free municipal bonds, are for all practical purposes municipal bonds, and therefore, 50

3

percent of the bonds should pass to them. In contrast, Erma Ellison, feels that these items, although having some characteristics attributable to tax-free municipal bonds, are in fact different from tax-free municipal bonds and should be distributed according to the Will's residuary clause.

This Court must determine: 1) If the items 50-60 on the inventory list are tax-free; and, 2) whether those securities fall under the definition of "municipal bonds."

The testator specifically stated that the securities devised in paragraph II of his Will must be "tax-free." It is clear from reviewing the record that items 50-60 of the estate's inventory list are not tax-free. Larry Van Atta, Ralph Ellison's stockbroker and investment counselor, testified that these securities were only partially tax-free. Unlike the securities in items 1-45, which were income tax-free both under federal law and Montana law, items 50-60 were exempt only from federal income tax. The appellants agree the securities are income tax-free only under federal law, but continue to argue that the testator still intended items 50-60 to be devised as tax-free municipal bonds under paragraph II of his Will. It is well settled that intention of a testator, as expressed in his Will, controls the legal effect of his disposition. Section 72-2-501, MCA; In Re the Estate of DeLong (Mont. 1990), ___ P.2d ___, 47 St.Rep. 496, 498; In Re the Estate of Erdahl (Mont. 1981), 630 P.2d 230, 231; State Fish & Game Comm'n. v. Keller, Etc. (1977), 173 Mont. 523, 526, 568 P.2d 166, 168. The facts are inescapable, the Will states tax-free municipal

4

bonds, not partially tax-free municipal bonds. Thus, we adopt the District Court finding that items 50-60 are only partially tax-free, and therefore fail to meet the intention of the testator as set forth in Paragraph II of his Will.

Even if we consider fixed items 50-60 as tax-free, the securities fail to qualify as Municipal Bonds. Van Atta, at the hearing, described the following principle characteristics of municipal bonds.

> QUESTION: Can you tell me and the Court, what is the principle characteristic of a municipal bond?
>
> ANSWER (MR. VAN ATTA): A municipal bond would be a bond issued by a municipality, it could be a state government or it could be I.D.R. bonds, which are things that are not allowed by law now. The bonds are an obligation by that issuer to pay principal and interest, bank at a certain percent, it has a fixed maturity rate, and it has a fixed amount that they are to pay you back. So those are three characteristics that are very much a part of municipal bonds.

As Mr. Van Atta testified to at the hearing, the securities found in items 50-60 are not municipal bonds, but mutual funds or mutual bond trusts. Mr. Van Atta explained the differences between the municipal bonds and mutual fund or mutual bond trusts.

> QUESTION: Okay. Items 50-60, are they municipal as defined by the term municipal bonds?
>
> ANSWER (MR. VAN ATTA): In my opinion, they're not because - the reason being is that you don't have a fixed interest rate, you don't have a fixed maturity, and you don't have a fixed amount that you're going to get back. The only thing you have in common is tax-free from federal, and that's the only requirement or the only thing that's similar.

5

The evidence is overwhelming that items 50-60 are not Municipal Bonds but were investments in mutual funds, or municipal bond trusts. The only expert called in this case, stockbroker Larry Van Atta, testified that items 50-60, Schedule B, Inventory and Appraisement, are not municipal bonds. It is also undisputed that the Testator was a shrewd investor and knew the difference between a municipal bond and mutual fund or mutual trust. When he made his Will he chose the words "municipal bonds." If the testator had meant to include in his devise to the appellants the proceeds of the mutual funds or mutual bonds trusts, items 50-60, he, a knowledgeable investor, could have used other terms, or simply said mutual funds or mutual bond trusts.

The testator executed his Will on June 28, 1988, and died shortly thereafter on August 19, 1988. The testator at the time of executing his Will already had his portfolio completed and knew his investments; he used the words "municipal bonds" knowing he had items 50-60 which were not municipal bonds. On June 28, 1988, the date of the Will, the only conclusion is that he employed the words "municipal bonds" in their ordinary sense and therefore, did not intend to include items 50-60 of Schedule B of the Inventory and Appraisement in paragraph II of his Will. To decide otherwise would side-step the intent of the testator as set forth in his Will.

Accordingly, we affirm the District Court.

John L. Shuhy
_____
Justice

6

We Concur:

_____
Chief Justice

_____
_____
_____
Justices

7

# CORRECTION

#89-605

Date 5/23/90

EDITORIAL DEPARTMENT

West Publishing Co., P.O. Box 64526, St. Paul, MN 55164–0526

ATTENTION: PLATE CORRECTIONS

Please make the following correction in the opinion in the case of:

Title: MATTER OF ELLISON

47 St. Rp. 910

Vol. _____ Rptr. 7th Paragraph ~~Page~~

from (top)

~~first~~ ~~column, line~~ _____ ~~from~~ (top)

~~second~~ ~~bottom~~

Ralph Ellison was a knowledgable
... They represent municipal
obligations, but are not free
of Montana inheritance tax ...
estate tax.

should read Delete last sentence

"They represent municipal obligations
but are not free ... Though they
are of federal estate tax.

Signed Pam C. Otto

The expense of making changes is such that we cannot undertake it for changes in typographical style or spacing.

West Publishing Co.

N182a
Item 509