DA 07-0433

# IN THE SUPREME COURT OF THE STATE OF MONTANA

2008 MT 158

IN THE MATTER OF THE ESTATE OF
JOHN P. STRANGE, Deceased,

ALAN STRANGE, Personal Representative
of the Estate of John P. Strange, Deceased

  Appellant,

   and

ROSELYN STRANGE,

  Appellee.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
                In and For the County of Yellowstone, Cause No. DP 06-183
                Honorable Ingrid G. Gustafson, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

              Stewart R. Kirkpatrick, Murphy, Kirkpatrick & Fain, PLLP;
              Billings, Montana

       For Appellee:

              Michelle R. Lee, Harper & Hilario, PLLP; Billings Montana

                          Submitted on Briefs:  March 19, 2008

                                 Decided:  May 6, 2008

Filed:

       _____
                          Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Appellant Alan Strange (Alan), as personal representative of the estate of John P. Strange (John), appeals an order of the Thirteenth Judicial District Court, Yellowstone County, granting Appellee Roselyn Strange's (Rose) motion to dismiss. We reverse.

¶2 The only issue raised on appeal is whether the District Court erred by ruling that Montana was an improper venue for the probate of John's estate.

## FACTUAL AND PROCEDURAL BACKGROUND

¶3 John and Rose were married October 6, 2001, in Pima County, Arizona, and resided in Arizona until John's death on March 17, 2005, at the age of eighty-nine. At the time of his death, John owned real property in Arizona and Pennsylvania. John never resided in Montana, but periodically visited his son, Alan, in Billings. John left a small amount of personal property in Montana with Alan, including fishing gear, a rifle, and various tools, all of which were of very little value. In addition, Alan opened an account with Putnam Investments for John, which Alan managed in Montana under a power of attorney executed by John after he suffered a stroke and heart attack in the fall of 1999. The balance of that account was $8.70 approximately six weeks after John's death. There is no evidence in the record of the Putnam account's value at the time of John's death. John, Alan, and Alan's brother, John P. Strange, Jr. (John Jr.), also shared a RBC Dain Rauscher account in joint tenancy in Montana. Upon John's death, however, that account automatically became the property of Alan and John Jr.

2

¶4 On August 8, 2006, Alan filed an Application for Informal Probate of Will and Appointment of Personal Representative with the District Court, having been named as co-personal representative of his father's estate along with John Jr. John Jr. waived appointment and consented to Alan's appointment as sole Personal Representative of John's estate. On December 13, 2006, Rose filed a motion to dismiss Alan's application, arguing the District Court lacked both venue and jurisdiction under §§ 72-3-112 and 72-1-201, MCA.

¶5 The District Court concluded that it had jurisdiction over Alan, but determined that venue was not proper in Montana because John's Montana assets did not establish a "significant connection" to Montana. The court also observed that Montana would be an inappropriate forum since Arizona's elective share laws would apply to Rose's share of John's estate. Accordingly, the District Court granted Rose's motion to dismiss on the basis of venue. Alan appeals.

**STANDARD OF REVIEW**

¶6 The District Court's conclusion that it lacked venue over John's probate proceeding was based on the court's interpretation and construction of the Uniform Probate Code's venue provision. "Interpretation and construction of a rule of procedure, like interpretation and construction of a statute, is a matter of law, which we review de novo, determining whether the court's interpretation and construction of the rule is correct." *See Miller v. Eighteenth Jud. Dist. Ct.*, 2007 MT 149, ¶ 22, 337 Mont. 488,

3

¶ 22, 162 P.3d 121, ¶ 22; *Madrid v. Zenchiku Land & Livestock*, 2002 MT 172, ¶ 5, 310 Mont. 491, ¶ 5, 51 P.3d 1137, ¶ 5.

## DISCUSSION

**¶7** **Did the District Court err by ruling that Montana was an improper venue for the probate of John's estate?**

**¶8** Although it is not an issue on appeal, we first observe that the District Court concluded it had jurisdiction over the probate of John's estate. Section 72-1-201(2), MCA (2005), provides that the Uniform Probate Code, as adopted by the Montana Legislature, applies to "the property of nonresidents located in this state or property coming into the control of a fiduciary who is subject to the laws of this state[.]" The District Court concluded it had jurisdiction over Alan, as John's Personal Representative, because Alan acquired fiduciary control over John's property and was a Montana resident subject to the laws of this state. As such, the District Court concluded it had "jurisdiction to apply provisions of Montana's Uniform Probate Code to John's estate." Neither John nor Rose challenges the District Court's conclusion regarding jurisdiction, which we accept as conclusive.

**¶9** With regard to Rose's allegation that Montana was not the proper venue, however, the District Court applied § 72-3-112, MCA (2005), and determined that Montana was not a proper venue in which to probate John's estate. Section 72-3-112, MCA (2005), provides:

4

> (1)  Venue for the first informal or formal testacy or appointment proceedings after a decedent's death is:
> (a)  in the county where the decedent had his domicile at the time of his death; or
> (b)  *if the decedent was not domiciled in this state, in any county where property of the decedent was located at the time of his death.*

(Emphasis added.)  The District Court applied subsection (1)(b), but nonetheless concluded that venue was not proper in Montana despite the fishing gear, rifle, and assorted tools John left in Montana and his Montana Putnam Investment account.[1]  The District Court based its decision on the fact that the small balance in John's Montana investment account was "not a significant enough connection to Montana such that venue is proper here," and his assets in Montana were "de minimus and given the overall [value] of John's estate, certainly do not establish a significant connection to the State of Montana to maintain venue when there is objection to such."  By this reasoning, the District Court essentially injected an additional requirement into Montana's probate statute regarding venue: not only must a decedent have property in the county, but that property must be substantive and have a "significant connection" to Montana. We must conclude that the imposition of this additional requirement was error.

---

[1] Rose argues that the fishing gear, rifle, and tools, as well as the Putnam Investment account, were not subject to probate because the personal property were inter vivos gifts to Alan and the investment account was not located in Montana, but rather Boston, Massachusetts.  However, Rose did not make these arguments at the District Court level.  Accordingly, we decline to address those arguments on appeal. *See Day v. Payne*, 280 Mont. 273, 276-77, 929 P.2d 864, 866 (1996).

¶10   The general nature of the probate code allows for multiple probate proceedings to be initiated in the various states where a decedent had property. Contrary to the rule in civil actions, there is no "single forum" requirement under the Uniform Probate Code. Instead, our statutes allow for an initial filing in Montana if a decedent owned property here, § 72-1-201(2), MCA, followed by ancillary probate proceedings in other jurisdictions when necessary. *See e.g. In re Estate of Firebaugh*, 271 Mont. 418, 422, 897 P.2d 1088, 1091 (1995) (deferring to the jurisdiction of the State of Kansas for disposition of real property located in Kansas by ancillary probate).

¶11   The venue statute does not require that a decedent have a certain type or amount of property in Montana. Rather, "[i]f the decedent's domicile was not in the state, venue is proper . . . in any county where he had *assets*." Official cmt., § 72-3-112, MCA (emphasis added). As used in § 72-3-112, MCA, venue pertains to the propriety of a given *county* in Montana for probating a decedent's estate; issues of venue do not include the propriety of Montana as a *state* to probate a decedent's estate. The question of whether Montana is the proper state is governed by Montana's territorial jurisdiction statute, not the venue statute. *See* § 72-1-201(2), MCA.

¶12   Once the District Court concluded that jurisdiction was proper in Montana, the only venue issue before the court should have been whether Yellowstone County was the proper county, as opposed to another county in Montana. In addition to the Putnam Investment account, the undisputed facts clearly showed that John owned items of

6

personal property located in Yellowstone County. Applying § 72-3-112(1)(b), MCA, to those facts, it is clear that John held "property" in Yellowstone County, and no evidence was presented that he had property elsewhere in Montana. Regardless of whether John's Montana property was "de minimus," the District Court should have concluded that venue was proper in Yellowstone County. There is no statutory requirement that a decedent's Montana property have a "significant connection" to Montana. Accordingly, the District Court erred by granting Rose's motion to dismiss.

¶13 Reversed.


/S/ JIM RICE


We concur:

/S/ W. WILLIAM LEAPHART
/S/ PATRICIA COTTER
/S/ JOHN WARNER
/S/ BRIAN MORRIS